# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| CYNTHIA JOHNSON, Individually and on Behalf of All Others Similarly Situated, | Case No.: 19-cv-465 |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | |
| RESURGENT CAPITAL SERVICES LP, and LVNV FUNDING LLC, | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Cynthia Johnson is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes, namely a personal credit card debt.

5. Defendant Resurgent Capital Services, LLP ("Resurgent") is a foreign limited liability company with its primary offices located at 55 Beattie Place, Greenville, SC 29601.

6. Resurgent does substantial business in Wisconsin and has designated its registered agent in Wisconsin for the service of process as Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

7. Resurgent is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Resurgent is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

9. Resurgent is a debt collector as defined in 15 U.S.C. § 1692a.

10. LVNV Funding, LLC ("LVNV") is a foreign limited liability company with its principal place of business located at 15 South Main St., Greenville, South Carolina 29601.

11. LVNV is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time LVNV acquires them.

12. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

13. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g., Tepper v. Amos Fin., LLC,* 898 F.3d 364, 371 (3d Cir. 2018) ("In sum, Amos may be one tough gazookus when it attempts to collect the defaulted debts it has purchased, but when its conduct crosses the lines prescribed by the FDCPA, it opens itself up to the Act's penalties."); *Kurtzman*

2

*v. Nationstar Mortg. LLC*, No. 16 17236, 2017 U.S. App. LEXIS 19750, at *6-7 (11th Cir. Oct. 10, 2017); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017); *Torres v. LVNV Funding LLC*. 2018 U.S. Dist. LEXIS 49885, at *13-15 (N.D. Ill Mar. 27, 2018); *Hordgev. First Nat'l Collection Bureau, Inc.*, 2018 U.S. Dist. LEXIS 132435, at *12-13 (S.D. Tex. Aug. 7, 2018); *Meola v. Asset Recovery Solutions*, 2018 U.S. Dist. LEXIS 139101, at *13-18 (E.D.N.Y. Aug. 15, 2018).

14. The primary purpose of LVNV's business, and LVNV's principal purpose, is the collection of consumer debts. LVNV's website states:

> LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency.

http://www.lvnvfunding.com/.

15. A company meeting the definition of a "debt collector" (here, LVNV) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

16. LVNV is a debt collector as defined in 15 U.S.C. § 1692a.

### **FACTS**

17. On or around December 14, 2018, Resurgent mailed a debt collection letter to Plaintiff regarding an alleged debt owed to LVNV, with an "Original Creditor" listed as "Capital One, N.A." A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

18. Upon information and belief, the alleged debt identified in <u>Exhibit A</u> was incurred by use of a credit card account, which was used only for personal, family, or household purposes.

19. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

20. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

21. Upon information and belief, <u>Exhibit A</u> is the first written communication Resurgent mailed to Plaintiff regarding this alleged debt.

22. <u>Exhibit A</u> states that "effective 12/06/2018, ownership of this account has been transferred from Capital One Bank (USA) N.A. to LVNV Funding LLC. This account will be serviced by Resurgent Capital Service, L.P. which master servicer for LVNV Funding LLC."

23. <u>Exhibit A</u> thus states that it is acting as servicer on behalf of LVNV, who took assignment of Plaintiff's alleged debt on December 6, 2018, about eight days prior to the date of the collection letter.

24. <u>Exhibit A</u> was sent for the purpose of collecting an alleged debt from Plaintiff. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010). The only relationship between Plaintiff and Defendants is collection of the alleged LVNV debt. *See Ruth v. Triumph Partnerships*, 577 F.3d 790, 799 (7th Cir. 2009) (holding as a matter of law that the letter and notice were sent in connection with attempting to collect a debt based on, in part, the fact that "[t]he only relationship the defendants had with the plaintiffs arose out of Triumph Partnerships' ownership of the plaintiffs' defaulted debt.").

25. Further, even assuming <u>Exhibit A</u> is not itself an attempt to collect a debt, it is a communication in connection with the collection of a debt.

26. <u>Exhibit A</u> does not include the 15 U.S.C. § 1692g(a) validation notice, which requires:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. Upon information and belief, Resurgent did not send another written communication, containing the validation notice, to Plaintiff within five days of sending <u>Exhibit A</u>.

28. Plaintiff did not receive another written communication, containing the validation notice, within five days of sending <u>Exhibit A</u>.

29. Further, <u>Exhibit A</u> states that Resurgent is a "debt collector" but does not state that any information Resurgent collects will be used for the purpose of debt collection; in fact, <u>Exhibit A</u> purports to disclaim that such information would be used for the purposes of debt collection by

5

representing that Exhibit A is not an attempt to collect a debt and "the sole purpose of this communication is to provide you with information regarding the ownership of your above-referenced account."

30. The above statement in Exhibit A is false and misleading. Resurgent and LVNV's only purpose for sending Exhibit A is debt collection. "[t]here is no business purpose in purchasing charged off debts if the ultimate goal is not to collect them,' and '[d]ebt buyers don't buy debts to use them as wallpaper, but to turn them into money.'" *Mitchell v. LVNV Funding, LLC*, No. 2:12-CV-523-TLS, 2017 U.S. Dist. LEXIS 206440 *16 (N.D. Ind. Dec. 15, 2017) (citing Pl.'s Reply Br.)).

31. Plaintiff was deceived, misled, and confused by Exhibit A.

32. The unsophisticated consumer would be deceived, misled, and confused by Exhibit A.

33. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

34. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to obtain counsel on the consequences of Exhibit A.

### *The FDCPA*

35. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting

6

*Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No.

15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

36. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

37. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. 15 U.S.C. § 1692e(2)(A) specifically prohibits false representations of "the character, amount, or legal status of any debt."

39. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

40. 15 U.S.C. § 1692e(11) specifically requires that debt collectors "disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information will be used for that purpose[.]"  This disclosure is often called the

8

"mini-Miranda" notice. *See, e.g., Chandler v. Eichel*, No. 17-cv-681, 2017 U.S. Dist. LEXIS 156168, at *12-13 (S.D. Ind. Sept. 25, 2017).

41. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

42. 15 U.S.C. § 1692g(a) provides:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## COUNT I – FDCPA

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44. Exhibit A is the first written communication that Defendant sent to Plaintiff,

45. Exhibit A does not include the validation notice required by 15 U.S.C. § 1692g(a).

9

46. Exhibit A does not include the "mini Miranda" disclosure required by 15 U.S.C. § 1692e(11).

47. Plaintiff did not receive any subsequent written communication from Defendant which included the validation notice required by 15 U.S.C. § 1692g(a).

48. Failure to provide the validation notice required by 15 U.S.C. § 1692g(a) is also a false representation or deceptive means to collect a debt.

49. Defendant has violated 15 U.S.C. §§ 1692g(a), 1692e, 1692e(10), and 1692e(11).

## CLASS ALLEGATIONS

50. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between April 1, 2018 and April 1, 2019, inclusive, (e) that was not returned by the postal service.

51. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

52. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

53. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

54. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

55. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

56. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 1, 2019

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge_____
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com